UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 JUL 28 AM 11: 07
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 08 MJ 2288 |
| Plaintiff, ) | Magistrate Case No._____ |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | |
| Mauro RESENDIZ-Echeverria ) | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- |
| Defendant. ) | Bringing in Illegal Aliens Without Presentation |

The undersigned complainant being duly sworn states:

On or about **July 25, 2008**, within the Southern District of California, defendant **Mauro RESENDIZ-Echeverria**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely **Juanita RAMIREZ-Angel**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence, this **28th** day of **July, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Elizabeth Rangel-Machuca, declare under penalty of perjury the following to be true and correct:

The complainant states that **Juanita RAMIREZ-Angel** is citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 25, 2008, at about 12:30 a.m., **Mauro RESENDIZ-Echeverria (Defendant)** made application for admission into the United States at the San Ysidro, California Port of Entry as the driver and sole visible occupant of a stolen 1999 Dodge Ram pickup truck. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant was asked if he was brining anything from Mexico. Defendant stated that he was not and presented his California Identification Card along with a Certification of Vital Record, issued by the state of California bearing his photograph and biographical information as proof of citizenship. The CBP Officer instructed the Defendant to unlock and opened the hood of the vehicle, three separate times, each time, Defendant was not responsive, avoided eye contact and stared straight ahead. Defendant stated the vehicle was his as he began to make his way toward the front of the truck. Defendant made two physical attempts to open the hood and stated he was unable to unlock the lid. The CBP Officer explained that the vehicle would not be released until his inspection was complete. As the Defendant slowly open the hood of the vehicle, the CBP Officer observed a female tucked inside a non-factory compartment. The CBP Officer requested assistance; CBP Officers responded, taking physical custody of Defendant. Defendant was escorted to the Security Office and the vehicle was driven to Secondary Inspection for further disposition.

In secondary, a female was removed from a non-factory compartment that was located inside the engine bay to the furthest right towards the front, inside of the internal structural of the truck. An examination of the compartment reveled the right portion of the engine bay had been removed and divided from the left side by a metal sheet, creating sufficient space to conceal the female within. The spacing was layered with insulation material. The concealed female was determined to be citizens of Mexico without legal documents to enter the United States; she was retained as material witnesses and is now identified as **Juanita RAMIREZ-Angel (Material Witness)**.

During a videotaped proceeding, Defendant was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. Defendant admitted he agreed to drive and deliver the vehicle with contraband to a fuel station in Chula Vista, California. Defendant admitted his only purpose to traveling to the United States was to deliver the vehicle and return to Mexico, once he was successful he was to receive a payment of $450.00 USD.

**PROBABLE CAUSE STATEMENT Cont…**

Executed on this 24 day of July 2008 at 1000.

_____
Elizabeth Rangel-Machuca/ CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) page(s), I find probable cause to believe that the defendant named therein committed the offense on July 25, 2008 in violation of Title 8, United States Code, Section 1324.

_____     7/26/08 - 1:25 pm
MAGISTRATE JUDGE                    DATE / TIME

Please do NOT put the signature page by itself. It should be on the same page as the factual basis

Also, I got 3 identical faxes — why?